**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMONE DANIEL, | No. 17-56199 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-03864-VAP-AJW |
| v. | |
| KIANG, Officer; MAGTOTO, Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted May 15, 2018[**]

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Damone Daniel appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his Fourth Amendment rights in connection with his arrest for trespass. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Daniel's Fourth Amendment unlawful arrest claim because Daniel failed to raise a genuine dispute of material fact as to whether defendant Kiang lacked probable cause for his arrest. *See* Cal. Pen. Code § 602.1; *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." (citation and internal quotation marks omitted)); *Ramirez*, 560 F.3d at 1023 (explaining when probable cause exists). Contrary to Daniel's contention, the place of his arrest is not considered a public forum. *See Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 290 P.3d 1116, 1121 (Cal. 2012) (discussing when the area around a store is considered a public forum).

Because no constitutional violation took place, the district court properly granted summary judgment for defendant Magtoto sued in his supervisory capacity. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) (a supervisor cannot "be held liable under § 1983 where no injury or constitutional violation has occurred").

Even if probable cause for Daniel's arrest did not exist, the district court properly granted summary judgment on the basis of qualified immunity because it would have not been clear to every reasonable officer that arresting Daniel violated

17-56199

his clearly established Fourth Amendment rights. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 476 (9th Cir. 2007) ("[Q]ualified immunity is available if a reasonable police officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information the searching officers possessed." (citation omitted)).

**AFFIRMED.**

17-56199